USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHHERN DISTRICT OF NEW YORK**

10 CIV 2830

Civil Action No.

MORGAN STANLEY SMITH BARNEY, LLC

Plaintiff,

v.

KEVIN WHITEHEAD,

Defendant.

**ORDER TO SHOW CAUSE**
**WITH TEMPORARY RESTRAINTS**

**THIS MATTER** having been opened to the Court by counsel for plaintiff Morgan

Stanley Smith Barney LLC ("MSSB"), by way of an application for an Order To Show Cause

seeking a preliminary injunction pursuant to Fed. R. Civ. P. 65, and Defendant Kevin Whitehead

("Whitehead"), through his Counsel, having been advised telephonically of Plaintiff's intention

to seek this relief and his attorney having received a copy of this Order to Show Cause,

Complaint, Declaration, and Memorandum of Law via electronic mail, and the Court having read

and considered the aforementioned papers; and good cause appearing,

IT IS on this 3! day of March 2010, ORDERED, as follows:

1.      Defendant Kevin Whitehead shall appear before this Court on Friday April 9, 2010 at

1:30 pm or as soon thereafter as counsel may be heard, at Court Room 20-C of the United

States Courthouse, United States District Court, Southern District of New York, Daniel Patrick

Moynihan United States Courthouse, 500 Pearl Street, New York, New York, before the

Honorable Paul A. Crotty, U.S.D.J., and show cause why this Court should not enter an

Order as follows:

      (a)      preliminarily restraining and enjoining Whitehead, directly or indirectly,

and  whether alone or in concert with others, until further Order of this Court,

from doing any of the following:

(i)     Performing the services of an employee in the financial services industry for any entity other than MSSB, in accordance with Whitehead's 60-day notice provision;

(ii)    Hiring or soliciting, recruiting, inducing, enticing, influencing or encouraging any MSSB employee with whom Whitehead worked or had professional or business contact, or who worked in or with Whitehead's business unit during the 180 days preceding his notice of resignation, to leave MSSB or become hired or engaged by another firm;

(iii)   Soliciting the business of any MSSB clients or customers, or prospective clients or customers, that Whitehead worked for on an actual or prospective project or assignment during the period of 180 days preceding his notice of resignation;

(iv)    Using, disclosing, or transmitting for any purpose, any records, documents, or information relating in any way to the clients, business or marketing strategies, or business operations of MSSB, whether in original, copied, computerized, handwritten, or any other form (hereafter the "Records and Information");

(v)     Retaining, in any form, including without limitation original, copied, computerized, handwritten or any other form, any Records and Information; and

(vi)    Any and all other such acts as this Court deems appropriate for injunctive relief.

2. Pending the return of this Order To Show Cause, a Temporary Restraining Order is hereby entered as follows:

*No TRO will be considered unless Δ has been served*

(a) Whitehead is immediately restrained and enjoined, directly or indirectly, and whether alone or in concert with others, until further Order of this Court, from doing any of the following:

(i) Performing the services of an employee in the financial services industry for any entity other than MSSB, in accordance with Whitehead's 60-day notice provision;

(ii) Hiring or soliciting, recruiting, inducing, enticing, influencing or encouraging any MSSB employee with whom Whitehead worked or had professional or business contact, or who worked in or with Whitehead's business unit during the 180 days preceding his notice of resignation, to leave MSSB or become hired or engaged by another firm;

(iii) Soliciting the business of any MSSB clients or customers, or prospective clients or customers, that Whitehead worked for on an actual or prospective project or assignment during the period of 180 days preceding his notice of resignation;

(iv) Using, disclosing, or transmitting for any purpose, any records, documents, or information relating in any way to the clients, business or marketing strategies, or business operations of MSSB, whether in original, copied, computerized, handwritten, or any other form (hereafter the "Records and Information");

(v) Retaining, in any form, including without limitation

original, copied, computerized, handwritten or any other form, any

Records and Information; and

(vi)     Any and all other such acts as this Court deems appropriate

for injunctive relief.

(b)     Whitehead, and anyone acting in concert or participation with Whitehead, are further ordered to return to MSSB all records, documents, and information pertaining to the clients, business or marketing strategies, or business operations of MSSB, whether in original, copied, computerized, handwritten or any other form, and to purge any such information from their possession, custody, or control after providing all such information to MSSB's counsel, within twenty-four (24) hours of notice to Whitehead or his counsel of the terms of the Court's Order.

3.     MSSB is granted leave to commence discovery, including depositions, immediately in aid of preliminary injunction proceedings before the Court;

4.     A true and accurate copy of this executed Order to Show Cause, together with a true and accurate copy of a Summons, the Complaint, and the Memorandum of Law and supporting Declaration filed herewith, shall be served upon Defendant by no later than *Friday, April 2, 2010*

5.     Defendant shall serve and file any and all papers in opposition to the within application no later than *Wed, April 7, 2010*

6.     Plaintiff shall serve and file any and all additional papers in support of the within application no later than *Thurs April 8, 2010*

7.     Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are

4

directed to proceed toward expedited arbitration hearings on the merits before a duly appointed

panel of arbitrators pursuant to Rule 13804 of the FINRA Code of Arbitration Procedure;

8.      Plaintiff shall post a bond of $50,000 with the Court on or before April 2, 2010

and shall be allowed to act as its own surety for such bond.

9.      This Order shall remain in full force and effect until such time as this Court

specifically orders otherwise. Courtesy copies of all pleadings shall be mailed or hand delivered to the Court.

Dated: March 31, 2010 at 5 o'clock p.m.

_____
                                    U.S.D.J.